UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| QASEM MOSA AL-SHAIBI, | ) | 1:08-cv-01668-BAK-SMS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR LACK OF JURISDICTION (Doc. 15) |
| v. | ) | |
| UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, et al., | ) | ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| Respondents. | ) | |

At the time of filing, Petitioner was detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and was proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner alleged that, as of November 17, 2008, he had been in ICE custody for at least eight months. (Doc. 10). Petitioner alleged that he is a citizen of Yemen who last entered the United States in 1995. (Doc. 1, p. 3). Petitioner contended that his detention pursuant to 8 U.S.C. § 1231(a)(2) was no longer reasonable, that Respondent had been unable to effect his removal to Yemen, that there was no "significant likelihood" of such removal in the "reasonably foreseeable future," and therefore that his ongoing detention was indefinite and violated his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Doc. 1, pp. 3-4). Petitioner also asserted that his detention under 8 U.S.C. § 1231(a)(6) exceeded Respondent's statutory authority. (Id., p. 4).

After preliminarily screening the petition, the Court issued an Order to Show Cause why the

petition should not be granted on March 6, 2009. (Doc. 12). On April 14, 2009, Respondent, in lieu of an answer, filed the instant motion to dismiss the petition for lack of jurisdiction, contending that because Petitioner had been successfully removed from the United States on April 1, 2009, the Court did not retain habeas jurisdiction to proceed. (Doc. 15). The Court agrees.

**DISCUSSION**

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241©)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989). If it may be conclusively determined from the face of the petition that Petitioner is not entitled to relief on the grounds alleged, then the petition must be dismissed. Rule 4 of the Rules Governing § 2254 Cases[1]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

In the instant case, the only issue raised in the petition is the lawfulness of Petitioner's ongoing detention by Respondent. Thus, the only relief which the Court could have afforded to Petitioner in these proceedings would be an order releasing him from Respondent's custody, in the event that the Court determined that his continued detention by ICE was unlawful. The record now before the Court establishes that Petitioner was removed from the United States on April 1, 2009. Because Petitioner is no longer in the custody of Respondents, there is no further relief that the Court can afford Petitioner in these habeas proceedings. Hence, the case is moot and should be dismissed.

## **RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS as follows:

1. Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. 15), should be GRANTED;
2. The Petition for Writ of Habeas Corpus (Doc. 1), should be DISMISSED for lack of jurisdiction as it is now MOOT.

This Findings and Recommendations is submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 17, 2009**           /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE